UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RODNEY E. SHORT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. Action No. 09-1361 (ESH) |
| ISAAC FULWOOD, JR., et al. | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Rodney E. Short is a prisoner in federal custody serving sentences imposed by the Superior Court of the District of Columbia in 1989 and 1990 for violations of the D.C. Columbia Code. He seeks a new parole hearing before the United States Parole Commission at which both the D.C. Parole Board's "1987 Regulations" and its "1991 Policy Guideline" are applied. Pursuant to the Memorandum Order filed on May 4, 2010, the parties submitted supplemental briefing on the issue of whether the D.C. Parole Board's "1991 Guidelines" merely clarified its "1987 Regulations" and, therefore, apply retroactively. (Mem. Order at 3, May 4, 2010 ("5/4/2010 Mem. Order") [dkt. #18].)[1] For the reasons set forth below, the Court concludes that even if the 1991 Guidelines apply retroactively, plaintiff has not stated a claim under 42 U.S.C. § 1983.

---

[1] Judge James Robertson was the presiding judge at the time the May 4, 2010 Order was filed. The case was randomly reassigned to the undersigned on June 3, 2010, upon Judge Robertson's retirement. (Reassignment Order, June 3, 2010 [dkt. #19].)

## BACKGROUND

At the time plaintiff committed his crimes and was sentenced, parole determinations for District of Columbia Code offenders were made by the D.C. Board of Parole pursuant to the regulations formally adopted in 1985 and published in the District of Columbia Municipal Regulations in 1987 (the "1987 Regulations"). *See Sellmon v. Reilly*, 551 F. Supp. 2d 66, 69 (D.D.C. 2008). In 1991, the D.C. Board of Parole adopted a policy guideline to define the terms used in the appendices to the 1987 Regulations (the "1991 Policy Guideline"). *Id*. at 71. In 1998, the United States Parole Commission assumed jurisdiction to make parole determinations for D.C. Code felony offenders. *See* National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a). And between 1998 and 2000, the Commission promulgated a series of amendments and revisions to the 1987 Regulations. 28 C.F.R. § 2.70 et seq. (the "2000 Regulations").

At plaintiff's initial parole hearing in 2005, and at his reconsideration hearing in 2008, the Commission applied the 2000 Regulations and denied parole. In 2008, this Court decided *Sellmon*, holding that it violated the Ex Post Facto Clause of the Constitution to apply the 2000 Regulations to a prisoner, such as plaintiff, whose offense was committed while the 1987 Regulations were in effect if the practical effect "was to substantially increase the risk that they each would serve lengthier terms of imprisonment." *Sellmon*, 551 F. Supp. 2d 66, 91 (D.D.C. 2008). If such a showing were made, the Court held, a prisoner would be entitled to a new parole hearing and a determination based on the 1987 Regulations. The Court further held that prisoners "may only invoke *ex post facto* protection based on the parole regime that was in place at the time they committed their offenses." *Id.* at 86. Thus, only those prisoners whose offenses

post-dated the 1991 Policy Guideline could seek its application at a new parole. *Id*.

In 2009, plaintiff filed the above-captioned action under 42 U.S.C. § 1983, claiming that by applying the 2000 Regulations to determine his eligibility for parole, the Commission had violated the Ex Post Facto and Due Process Clauses of the Constitution. (Compl. ¶ 1 (citing U.S. Const. Art. I, § 9 cl. 3; Amend. V & XIV).) Plaintiff's complaint sought a new parole hearing and determination based on the D.C. Parole Board's 1987 Regulations and 1991 Policy Guideline. (*Id*. at 18.)

Defendants, conceding that plaintiff was entitled to a new parole determination based on the 1987 Regulations, filed a motion to dismiss the case as moot. (Def.'s Mot. to Dismiss, filed Dec. 29, 2009 [dkt. #13].) Plaintiff disagreed, arguing that he was entitled to a parole hearing and determination based on both the 1987 Regulations and the 1991 Policy Guideline. According to plaintiff, the 1991 Guidelines merely clarified the 1987 Regulations and, therefore, applied retroactively to an offender whose offense was committed prior to their enactment.

In February 2010, plaintiff was afforded a new parole hearing, at which the 1987 Regulations were applied.[2] (5/4/2010 Mem. Order at 2.) Following plaintiff's new parole

---

[2]On July 17, 2009, the Commission adopted an interim rule that provided that "[a] prisoner must satisfy the following criteria to obtain a determination using the 1987 Board guidelines:

(i) The prisoner committed the offense of conviction after March 3, 1985 and before August 5, 1998;

(ii) The prisoner is not incarcerated as a parole violator;

(iii) The prisoner received his initial hearing after August 4, 1998; and

(iv) The prisoner does not have a parole effective date, or a presumptive parole date before January 1, 2010.

3

hearing and determination, the Court granted in part and denied in part defendants' motion to dismiss. The Court dismissed plaintiff's due process claim on the ground that "it is settled law that a prisoner sentenced by a District of Columbia court does not have a due process interest in parole." (5/4/2010 Order at 1 (citing *Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996).) However, the Court denied without prejudice defendants' motion to dismiss plaintiff's *ex post facto* claim. (*Id*. at 3.) The Court noted that although *Sellmon* held that persons similarly situated to plaintiff would not be entitled to application of the 1991 Policy Guideline, *Sellmon* had not expressly addressed the issue raised by plaintiff: whether the 1991 Policy Guideline was merely "clarifying" and, therefore, applied retroactively. (*Id*. at 2.) Accordingly, the Court authorized defendants to submit a supplemental brief "addressing the question of whether the 1991 Guidelines are substantive or clarifying legislation." (*Id*. at 3.)

## ANALYSIS

Before the Court now are defendants' supplemental memorandum of law and plaintiff's response thereto. (Defs.' Resp., July 9, 2010 [dkt. #21]; Pl.'s Resp., Aug. 2, 2010 [dkt. #22].) Upon further consideration, the Court concludes that even if it were to agree with plaintiff that the 1991 Policy Guideline applies retroactively, plaintiff has not stated a claim upon which relief can be granted. First, the Commission's failure to apply the 1991 Policy Guideline to plaintiff clearly does not violate the Ex Post Facto Clause. "To fall within the *ex post facto* prohibition, a

---

28 C.F.R. § 2.80(o)(2). The rule further provides that, if a hearing is held, "the hearing examiner shall evaluate the prisoner's case using the 1987 Board guidelines, as if the prisoner were receiving an initial hearing" and that "[t]he Commission shall use the former Board's policy guidelines in making its determinations under this paragraph, according to the policy guideline in effect at the time of the prisoner's offense." *Id.* § 2.80(o)(4).

4

law must be retrospective - that is, 'it must apply to events occurring before its enactment' - and it 'must disadvantage the offender affected by it.'" *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). In the parole context, a retroactively applied parole or reparole regulation or guideline violates the Ex Post Facto Clause if it "creates a significant risk of prolonging an inmate's incarceration." *Fletcher v. Reilly*, 433 F.3d 867, 870 (D.C. Cir. 2006). Here, however, plaintiff is seeking, not complaining about, the retroactive application of the 1991 Policy Guideline. Such a claim cannot be brought under the Ex Post Facto Clause.

Nor has plaintiff stated a cognizable due process claim. Essentially, plaintiff's only remaining claim is that the Commission applied the "wrong" procedures at his parole hearing. But, as previously noted, it is well-established that plaintiff has no due process interest in parole and, therefore, no due process claim if the Commission applies the "wrong" procedures. *Ellis v. DC*, 84 F.3d 1413, 1421 n.6 (D.C. Cir. 1996) ("[i]n the absence of a due process violation, the district court ha[s] no authority to order the [Parole] Board to comply with its own procedures.") "The mere fact that a state or local government has established certain procedures does not mean that those procedures thereby become substantive liberty interests entitled to federal constitutional protection." *Id*. Thus, this Court lacks the power, absent some independently cognizable constitutional claim such as violation of the Ex Post Facto Clause, to order the Commission to apply what plaintiff refers to as the "correct" procedures. *See*, *e.g.*, *Roy v. Fulwood*, Civ. Action No. 09-0643, 2010 WL 610275, slip op. at 1 (D.D.C. Feb. 22, 2010) (dismissing case challenging Commission's allegedly erroneous application of parole guidelines because plaintiff has no cognizable liberty interest in parole and therefore no due process claim).

5

## CONCLUSION

As the Commission's failure to apply the 1991 Policy Guideline to plaintiff violates neither the Ex Post Facto nor Due Process Clauses of the Constitution, plaintiff has not stated a claim under 42 U.S.C. § 1983 and the case will be dismissed.

          /s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: October 7, 2010